# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHHUSETTS

| | | |
|---|---|---|
| **Frank Costa  and** | ) | |
| **Lisa Costa** | ) | |
|     **Plaintiffs** | ) | |
| **v.** | ) | |
| **Bank of New York Mellon fka** | ) | |
| **The Bank of New York** | ) | |
| **not in its individual capacity but** | ) | |
| **and solely as Trustee for the Benefit of** | ) | |
| **the Certificate holders of the CWMBS** | ) | **C.A. No. 19-cv-10539-DLC** |
| **2006-13 Trust Mortgage Pass Through** | ) | |
| **Certificates, Series 2006-13** | ) | |
|     **and** | ) | |
| **Residential Credit Solutions, Inc.** | ) | |
|     **and** | ) | |
| **Bank of America NA** | ) | |
|     **and** | ) | |
| **Ditech Financial LLC** | ) | |
|     **and** | ) | |
| **Schechtman, Halperin Savage LLP** | ) | |
|     **and** | ) | |
| **Bayview Loan Servicing** | ) | |
|     **Defendants** | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' ANSWER AND OPPOSITION TO THE RESIDENTIAL CREDIT SOLUTIONS, INC'S MOTION TO DISMISS THE VERIFIED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Now comes Frank Costa and Lisa Costa, the Plaintiffs who hereby answer and opposes the

Residential Credit Solutions, Inc.'s motion to Dismiss the Verified Complaint pursuant to Fed.

R. Civ. P. 12(b)(6), alleging the Complaint fails to state a claim upon which relief can be

granted, and in support of this opposition the Plaintiffs state the following:

**STANDARD OF REVIEW**

**FACTUAL ASSERTIONS IN COMPLAINT ARE SUFFICIENT TO OVERCOME DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

The applicable standard of review assumes that all the facts in the complaint are accurate. The facts alleged are accepted as accurate and as are all reasonable inferences drawn in favor of the Plaintiffs. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2nd 962, 971 (1993). And, it appears that many material facts in this case are not in dispute. The facts supporting the Plaintiffs' claims are stated in detail in the Plaintiffs' complaint. The complaint is a detailed verified complaint that sets forth in detail the factual basis for their claims.

"[A] complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). Here, the Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements.

**ARGUMENT**

The complaint should not be dismissed.

**I. CLAIM FOR NEGLIGENT MISREPRESENTATION (COUNT I)**

First, A servicer of the mortgage is required, pursuant to MGL ch 244 §35 (B), to take reasonable steps to avoid foreclosure.  This is a duty, owed by the servicer to the Plaintiffs as Mortgagors

MGL ch 244 §35 (B), defines a Creditor as:

*"a person or entity that holds or controls, partially, wholly, indirectly, directly or in a nominee capacity, a mortgage loan securing an owner-occupied residential property, including, but not limited to, an originator, holder, investor, assignee, successor, trust, trustee, nominee holder, Mortgage Electronic Registration System or mortgage servicer, including the Federal National Mortgage Association or the Federal Home Loan Mortgage Corporation; provided, that "creditor" shall also include any servant, employee or agent of a creditor; and provided, further, that the bodies politic and corporate and public instrumentalities of the*

*commonwealth established in chapter 708 of the acts of 1966 and in section 35 of chapter 405 of the acts of 1985 shall not be a creditor."*

Therefore, the Defendant is a creditor pursuant to MGL ch 244 §35B, and it had a duty to make a good

faith effort to assist the Plaintiffs in the modification process to avoid foreclosure.  The

Defendant breached the duty it owed to the Plaintiffs.

While RCS was servicing the loan, the Defendant continually issued denial letters for insufficient

information followed by invitations to the Plaintiffs to reapply for a modification.

Finally; "A claim for negligent misrepresentation  is ordinarily one for a jury, unless the

undisputed facts are so clear as to permit only one conclusion." *Nota Constr. Corp. v. Keyes*

*Assocs.*, 45 Mass. App. Ct. 15, 20, 694 N.E.2d 401 (1998); see Restatement (Second) of Torts §

552(1), cmt. e (1977). Massachusetts has adopted the negligent misrepresentation standard set

forth in the Restatement (Second) of Torts. *Deluca v. Jordan*, 57 Mass. App. Ct. 126, 136, 781

N.E.2d 849 .  In order to recover for negligent misrepresentation a plaintiff must prove that the

defendant (1) in the course of his business, (2) supplied false information for the guidance of

others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those

others (5) by their justifiable reliance upon the information, and that he (6) failed to exercise

reasonable care or competence in obtaining or communicating the information. A claim for

negligent misrepresentation   is ordinarily one for a jury, unless the undisputed facts are so clear

as to permit only one conclusion. Golber v. BayBank Valley Trust Co., 46 Mass. App. Ct. 256,

704 N.E.2d 1191, 1999 Mass. App. LEXIS 86.

In paragraphs 55 and 57 of the Complaint Plaintiffs state they received approval for an

Affordable Home Loan Modification trial period from the Defendant on September 8, 2016 but

on October 2, 2016 they received notice the loan was being transferred to Loss mitigation

department of the Bank of New York Mellon.  This is just one example of the Defendant's

failure to exercise reasonable care and competence in communicating the information.

This honorable Court should deny the motion to dismiss claim I.

## II. CLAIM FOR VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT II).

In Massachusetts, every contract is subject to an implied covenant of good faith and fair dealing.

***Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 473 583 N. E.2d 806 (1991)***. "The

implied covenant of good faith and fair dealing provides 'that neither party shall do anything that

will have the effect of destroying or injuring the right of the other party to receive the fruits of

the contract....: *Id. At 471*, quoting ***Druker v. Roland Wm. Jutras Jutras Asscos, 370 Mass,***

***383, 385, 348 N.E. 2d 763 (1976)***. <u>***Owen v. Kessler, 56 Mass. App. Ct. 466, 778 N.E.2d 953,***</u>

<u>***2002 Mass. App. LEXIS 1381***</u>. "Circumstances in which an unreasonable delay in performance

or sustained inattention would give rise to an implied covenant claim under Massachusetts

law."  <u>See, e.g.</u>, ***Frostar Corp. v. Malloy, 63 Mass. App. Ct. 96, 823 N.E.2d 417, 427 (Mass.***

<u>***App. Ct. 2005)***</u>.

The pattern of neglect and inattention to detail by the Defendants is clear evidence of

unreasonable delay in performance and a sustained inattention that caused injury to the Plaintiffs.

RCS did make multiple invitations to the Plaintiffs to apply for Loan Modifications, but they

were usually denied by the Defendant based on the claims that more information was needed.

This became a pattern which denied the Plaintiffs the right to receive the fruits of the Mortgage

contract. Although the Defendant was not a party, to the Note or Mortgage, this was an interest

only loan and as such it falls under M.G.L. c. 244, §35B as "certain mortgage loans." Pursuant to

M.G.L. c. 244, §35B the Defendant was a "creditor" and was required to make a good faith effort

to avoid foreclosure through the Affordable Home Loan Modification.  The Plaintiffs argue the Defendant was a party to the note and mortgage when they became a "creditor" pursuant to MGL ch 244 §35B.

This honorable Court should deny the motion to dismiss claim II.

## III. CLAIM FOR VIOLATION OF M.G.L.ch. 93A

The pattern of invitation to apply for Loan Modifications accompanied by denials based on failure to provide all the documentation amounted to an unfair practice which caused the Plaintiffs financial harm.

MGL ch 93A §2(c) states "The attorney general may make rules and regulations interpreting the provisions of subsection 2(a) of this chapter."  Acting in accordance with authority granted in ch. **93A**, § 2, the Massachusetts Attorney General enacted 940 Mass. Code Regs. 3.16. Pursuant to that regulation, "an act or practice is a violation of ch. **93A**, § 2 if: ……. (3) it fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection…" The Defendant failed to comply with MGL ch 244 §35B, which is a per se violation of 93A.

This honorable Court should deny the motion to dismiss claim III.

## IV. CLAIM FOR VIOLATION OF M.G.L. c. 244 §35B

Plaintiffs do not oppose the Dismissal of Counts IV.

## Count V and VI Proper Notice under the Mortgage and M.G.L. ch 244 §35A

Plaintiffs' do not oppose the Dismissal of Counts V and VI.

## Conclusion

The Plaintiffs have plead factual content that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Wherefore the Plaintiffs pray that this honorable Court

1.      Deny the Defendants Motion to dismiss Counts I through III.

2.      Order what ever other relief this Honorable Court determines is right and just.


May 31, 2019                                    **Respectfully Submitted**
                                                **Frank Costa and Lisa**
                                                **Costa and by their Attorney**
                                                **_/ s / Patrick M. Culhane_____**
                                                **Patrick M. Culhane, Esquire**
                                                **BBO #628855**
                                                **Law Office of Patrick M. Culhane**
                                                **100 Grandview Road, Suite 304**
                                                **Braintree, MA 02184**
                                                **Tel: 781 843-3585**
                                                **Fax: 781 780-7552**
                                                **e-mail: pculhane@comcast.net**

## CERTIFICATE OF SERVICE

I, Patrick M. Culhane, Attorney for **Frank Costa and Lisa Costa, the Plaintiffs hereby certified that I served the foregoing Plaintiffs' Memorandum in Support of the Answer and Opposition to the Motion to Dismiss filed by Residential Credit Solutions Inc. electronically and by First Class US Mail Postage pre-paid to the following:**

Kryslle G. Tadesse and Joseph A. Farside Jr. as Attorneys for
Residential Credit Solutions, Inc.
LOCKE LORD LLP
2800 Financial Plaza
Providence RI 02903-2499

Stephanie Sprague as Attorney for
Residential Credit Solutions Inc.
111 Huntington Ave
9th Floor
Boston, MA 02199

Stephen C. Reilly as Attorney for
Bank of America NA
FITCH LAW PARTNERS LLP
One Beacon Street
Boston, MA 02108

Paul A. Hourihan and Paul Michienzie as Attorneys for
The Bank of New York Mellon f/k/a The Bank of New York not in its individual capacity but
solely as Trustee for the Benefit of the Certificate Holders of the CWMBS 2006-13 Trust
Mortgage Pass-Through Certificates, Series 2006-13, and Bayview Loan Servicing, LLC
Michien & Sawin LLC
745 Boylston Street
Boston, MA 02116

May 31, 2019                          / s / Patrick M. Culhane
                                **Patrick M. Culhane, Esquire**
                                **BBO #628855**
                                **Law Office of Patrick M. Culhane**
                                **100 Grandview Road, Suite 304**
                                **PO Box 850617**
                                **Braintree, MA 02184**
                                **Tel:  781 843-3585**
                                **Fax:  781 780-7552**
                                **E-mail pculhane@comcast.net**